# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN ANTHONY JAMES, JR., | ) | 1:08-cv-01325-TAG HC |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED (Doc. 1) |
| WARDEN SMITH, | ) ) | ORDER DIRECTING THAT A RESPONSE BE FILED BY PETITIONER WITIN THIRTY |
| Respondent. | ) ) | DAYS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on September 8, 2008, challenging his conviction in the Superior Court for the District of Columbia on March 5, 1999 for unspecified crimes and his two consecutive fifteen years to life sentences. (Doc. 1, p. 3). In his petition, Petitioner indicates that he appealed his conviction to the District of Columbia Superior Court, but that the appeal was denied on February 26, 2004. (Id. at p. 4). Petitioner also indicates that he appealed his conviction to the D.C. Court of Appeals, but that the appeal was denied on March 29, 2005. (Id. at p. 3). Petitioner indicates that he "has exhausted all appeals by way of a D.C. Code § 23-110" regarding his claim of ineffective assistance of counsel, the sole claim in the instant petition. (Id. at p. 6).

///

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.  Lack of Jurisdiction

Before 1970, the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court.  In 1970, Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub.L. No. 91-358 (1970) ( "DCCRCPA"), which created the present dual court system.  Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C.Cir. 1998).   The DCCRCPA established a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in the D.C. Superior Court who wished to challenge their conviction or sentence.  Blair-Bey, 151 F.3d at 1042; see D.C. Code § 23-110.  The DCCRCPA provided that, to the extent that this remedy was available, it was an exclusive one:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section [23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  Thus, the DCCRCPA entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a § 23-110 remedy available to them, unless the petitioner could show that the 23-110 remedy was "inadequate or ineffective."

In Swain v. Pressley, 430 U.S. 372, 97 S.Ct. 1224 (1977), the Supreme Court upheld the constitutionality of § 23-110(g) under the Suspension Clause, opining that the "safety valve"

provision of § 23-110 "avoids any serious question about the constitutionality of the statute." Swain, 430 U.S. at 381. The Court explained that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Id. (observing that the same is true of 28 U.S.C. § 2255, which contains an identical safety valve); Williams v. Martinez, 559 F. Supp.2d 56, 57- 58 (D.D.C. 2008).[1]

Thus, "[u]nlike other prisoners convicted in state courts or those convicted in an United States District Court, 'District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention.'" Williams v. Martinez, 559 F. Supp. 2d at 58 (quoting Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986)). "In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not." Williams v. Martinez, 559 F. 3d at 58 (quoting Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997)).

"Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F.Supp. 1232 (D.D.C. 1992). "'[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases.'" Garris, 794 F.2d at 726 (quoting Swain, 430 U.S. at 383)). The question of whether the § 23-110 remedy is

---

[1] The language in § 2255 is identical to the language in § 23-110, thus further confirming that individuals convicted in the District of Columbia have a remedy wholly analogous to and the functional equivalent of the § 2255 motion available to federal prisoners seeking to challenge their own convictions arising out of federal courts. Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986); Blair-Bey v. Quick, 151 F.3d at 1042. Both the D.C. statute and the federal remedy are commensurate with habeas corpus. Garris, 794 F.2d at 726. Moreover, and distinct from a challenge under § 23-110, those individuals may also bring a petition for writ of habeas corpus directly under District of Columbia laws themselves. D.C. Code § 16-1901. That section provides for the filing of a writ of habeas corpus by "any person committed, detained, confined, or restrained from his lawful liberty within the District." D.C. Code § 16-1901(a). The section expressly provides, however, that the petition must be filed with the "appropriate court, or a judge" within the District of Columbia. Id. Petitions for writs directed to federal officers and employees "shall be filed in the United States District Court for the District of Columbia." D.C. Code § 16-1901(b). Petitions for writs directed to any other person shall be filed in the Superior Court of the District of Columbia." D.C. Code § 16-1901(c). Both of these remedies are in addition to the direct appeal process from a criminal conviction provided by the District of Columbia Code.

3

inadequate or ineffective is not determined by the fact that the Superior Court of the District of Columbia denied relied. Garris, 794 F.2d at 727. Rather, "[i]t is the inefficacy of the remedy that is determinative," not the fact that a petitioner's circumstances preclude him from invoking it. Id.

Here, Petitioner alleges that he has already applied for and been denied relief under § 23-110. Petitioner has not claimed, and it does not appear to this Court, that his motion under § 23-110 is or was inadequate or ineffective to test the legality of his conviction and detention. Absent such a showing, this Court lacks jurisdiction to consider the claims contained in the instant petition. Therefore, it appears the instant petition must be dismissed for lack of jurisdiction.

### C.  Untimely Petition

Moreover, even were this Court to find that habeas jurisdiction existed, no habeas corpus relief is available because the petition is clearly untimely. For purposes of federal habeas corpus relief, a petitioner convicted and sentenced in the District of Columbia is considered a state prisoner. See Garris, 794 F.2d at 726 n. 23 (recognizing that when the § 23-110 motion is "inadequate or ineffective," an individual may then proceed under § 2254 and that the exhaustion provisions of § 2254(b) for state prisoners would apply); Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002); Milhouse v. Levi, 548 F.2d 357, 360 n. 6 (D.C. Cir. 1976); Banks v. Smith, 377 F.Supp.2d 92, 94 (D.D.C. 2005). As a "state prisoner," when § 23-110 is indeed inadequate and ineffective, Petitioner's only recourse for federal habeas relief is 28 U.S.C. § 2254. Assuming, arguendo, that § 23-110 was and is inadequate and ineffective for Petitioner in this case, then Petitioner must be bound by the same time restrictions contained in 28 U.S.C. § 2241(d)(1) that apply to all state prisoners filing § 2254 petitions.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on September 9, 2008, and thus,

it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

This limitation period generally runs from the date on which the judgment became final by the conclusion or direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, the petition alleges that Petitioner exhausted his District of Columbia appellate review process on March 29, 2005. (Doc. 1, p. 3). The instant petition was not filed until September 8, 2008. Assuming, without deciding, that Petitioner's 1999 conviction became "final" for purposes of 28 U.S.C. § 2244(d)(1) on March 29, 2005, Petitioner would have had one year, or until March 29, 2006, within which to file his federal petition. Therefore, the petition was filed, under the most lenient construction of the facts, two and one-half years after the limitation period expired. Accordingly, even if the Court could assert habeas jurisdiction

over this petition, it appears the petition is untimely under the AEDPA.[2]

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE in writing within thirty (30) days of the date of service of this Order why the Petition for Writ of Habeas Corpus (Doc. 1) should not be dismissed DISMISSED for lack of habeas jurisdiction and/or untimeliness.

Petitioner is forewarned that his failure to comply with this Order may result in dismissal of the Petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **December 17, 2008**                              /s/ Theresa A. Goldner
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner filed his petition pursuant to 28 U.S.C. § 2241 and the Clerk of the Court duly designated the petition as such.  As the Court's discussion herein makes clear, Petitioner's only federal habeas recourse would be pursuant to 28 U.S.C. § 2254.